UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Lester Williams,                                    Case No.  3:18-cv-02470

    Plaintiff

v.                                                  MEMORANDUM OPINION
                                                    AND ORDER

Chief John Orzech, et al.,

    Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Lester Williams filed this action against Sandusky Police Chief John Orzech, Sandusky Police Detective Ronald Brotherton, Sandusky Police Detective A. West, and Parole Officer Catherine Hasting.  In the Complaint, Plaintiff alleges Defendants reneged on a plea deal after he performed his part of the agreement.  He does not specify a legal cause of action.  He seeks monetary relief.

Plaintiff contends that, in November 2017, Detectives Brotherton and West approach him and his co-defendant and indicated to them that the charges in a pending case would be dismissed if they agreed to work with them in a narcotics investigation.  He indicates they were unaware that on the day they were approached by detectives, Brotherton had posted video of a raid on the internet, placing them in danger without their knowledge.  He states Brotherton told him to be around a particular drug dealer and relay information about the dealer's activities to the detectives.

Plaintiff alleges Brotherton contacted him on November 27, 2017, and told him if he did not make a buy in a few hours, he would go back to jail. Plaintiff indicates he told Brotherton that the dealer did not trust him and believe him to be a police officer. Plaintiff contends Brotherton was unsympathetic and wanted Plaintiff to arrange to buy drugs. Plaintiff indicates he contacted Brotherton on November 28, 2017 and arranged to meet him. He claims Brotherton reiterated his threat that Plaintiff would be arrested by the end of the day if he did not arrange to buy drugs from the dealer.

Plaintiff contends Brotherton told him to meet him after the transaction was complete at the dealer's house on Finch Street. Plaintiff states that when he arrived, Brotherton was with Plaintiff's parole officer, Catherine Hasting. Plaintiff alleges Brotherton attempted to arrest him for the drugs Brotherton had pressured him to buy. When they did not find any drugs on Plaintiff, they arrested him for having a gun in his possession. He claims he later discovered that neither Brotherton nor his attorney informed the prosecutor of the deal. He does not indicate the outcome of any criminal case against him.

Plaintiff does not identify any legal claims he is attempting to assert. He provides a narrative of facts and indicates he is seeking monetary damages.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to

state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff fails to identify any particular cause of action he intends to pursue, and none is apparent on the face of the Complaint. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). To meet the minimum basic pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

While as a *pro se* litigant he is not required to cite chapter and verse of a particular statute, he must provide me and the Defendants with some indication of what legal claims he is attempting to assert. I cannot read through his assertions to explore exhaustively all potential claims he may have and seek out the strongest arguments for him. This is not the role of the federal courts. My role is to adjudicate disputes, not to assist in asserting them. *Beaudett*, 775 F.2d at 1278. If I were to do so,

it would "transform the district court from its legitimate advisory role to the improper role of an advocate." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Even liberally construed, the Complaint does not meet the basic pleading requirements.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge